## MICHAEL LENNON

*v.*

### CHARLES GOODSPEED.

1. NEW TRIAL—*finding from the evidence.* Where the two parties are the only witnesses as to a disputed fact, as, the guaranty of a note by the payee, and their testimony is conflicting, the one affirming and the other denying the guaranty, the finding of the court in favor of the contract of guaranty will not be disturbed by this court. The court trying the case has facilities for arriving at a correct conclusion that this court does not possess in such a case.

2. BURDEN OF PROOF—*when execution of guaranty is put in issue.* Where a defendant, sued upon the guaranty of a note, denies the execution of the contract of guaranty, under oath, the burden of proof devolves upon the plaintiff to establish the contract.

3. PAROL EVIDENCE—*to prove a guaranty of note.* Where a written guaranty of a note is denied under oath, parol evidence is admissible to prove the contract of guaranty. Any evidence tending to prove the contract is proper.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. HILL & DIBBELL, for the appellant.

Mr. GEO. S. HOUSE, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an action, brought by Charles Goodspeed, against appellant, Michael Lennon, upon a guaranty indorsed on the back of a promissory note. The note and guaranty were as follows:

"$83.33                              *Joliet, March* 18, 1874.

"Ninety days after date, I promise to pay to the order of Michael Lennon $83.33, at ten per cent per annum, value received.

                                              E. E. HARDY.

"For value received I hereby sell, transfer and assign the within note to Charles Goodspeed, and guarantee the payment thereof at maturity.

March 19, 1874.                        MICHAEL LENNON."

On the trial, the defendant denied the execution of the guaranty, under oath, and the court, upon hearing the evidence introduced by the parties, found the issue for the plaintiff, and rendered a judgment for the amount due upon the note, to reverse which defendant appealed.

The question involved is one purely of fact. The appellee, as appears from the record, was a banker. The note in question, on the 19th of March, 1874, was taken to the bank by appellant and delivered to appellee, who received it and gave a credit on appellant's deposit account in the bank for the full amount of the note. Thus far there is no dispute, but in regard to the contract under which the note was indorsed and transferred to appellee, there is a radical conflict between the evidence of the two parties. Appellee, in substance, testified that appellant agreed to guarantee the note, and the contract of guaranty was written on the note at the time the note was transferred, while, on the other hand, it appears, from the evidence of appellant, that he never agreed to guarantee the note; that before the note was executed and delivered to him, appellee agreed to take it, and that he was not to be liable thereon either as guarantor or indorser.

The conflict between the testimony of these two witnesses is so great that it is impossible for any court to say the story detailed by each one is true. A mistake existed somewhere. One or the other of the witnesses must have been mistaken in his testimony. Under such circumstances, it became the duty of the judge sitting in this case as a jury to properly weigh the evidence, in connection with all the facts and circumstances surrounding the transaction, and, from all the facts, determine who told the truth, and when this has been done without passion or prejudice, under the uniform decisions of this court the judgment can not be disturbed.

The judge who heard this cause had many facilities for arriving at a correct conclusion which this court does not possess. He had the two witnesses before him, heard the story of each on the stand, could observe their manner of testifying, and, indeed, the circuit court had many tests for detecting falsehood and ascertaining the truth, which an appellate court can not have, where the evidence is submitted on paper.

It is also contended that parol evidence was inadmissible to prove a guaranty. We do not so understand the rule. Here, appellant denied, under oath, the contract of guaranty on the back of the note. When this was done, it devolved upon appellee to establish the contract. The burden of proof was upon him, and it was proper to resort to parol evidence for the purpose of proving the contract sued upon. Any evidence which tended to established that contract, was proper for the consideration of the court.

We perceive no ground upon which we can reverse the judgment in this case without a clear departure from a long line of decisions holding that where a question of fact only is involved, and the evidence is conflicting, this court will not interfere, unless the verdict appears to be the result of prejudice or passion, which is not the case here.

The judgment will be affirmed.

*Judgment affirmed.*